[Crim. No. 7777.   Second Dist., Div. Three.   Dec. 6, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT E. TINSLEY, Defendant and Appellant.

Robert E. Tinsley, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman Gregory Taylor, Deputy Attorney General, for Plaintiff and Respondent.

THE COURT.—By indictment defendant was charged in two counts with the sale of heroin. A jury trial was waived by the People, defendant and his counsel, and the court found defendant guilty on both counts. Probation was denied and Tinsley was sentenced to the state prison. He appeals from the judgment in propria persona.

Sometime during the early part of August 1960, Officer Hodge, an undercover policeman for the City of Los Angeles, was introduced to defendant by either one of two persons, Jones, from whom he had previously purchased nar-

cotics, or an informant named Clark. At that time, at defendant's home, defendant and the officer had a conversation about the purchase of narcotics by the officer. On August 30, 1960, Officer Hodge returned to the place where he previously had met defendant. After some negotiations defendant obtained some heroin from another person and sold it to the officer for $9.00. The following day defendant again procured and sold heroin to Officer Hodge for $8.00. Defendant did not testify or offer any evidence in his defense.

The transactions occurred in the course of investigations which resulted in indictment of narcotic violators. Defendant was not arrested until the indictment had been returned.

In his brief defendant argues insufficiency of the evidence and that he was entrapped into making the sales. Neither point is deserving of serious consideration. The testimony of Officer Hodge was explicit and uncontradicted. The transactions were between a narcotic officer and a willing seller of narcotics. There was no entrapment in a legal sense. Defendant had competent representation by private counsel; he had a fair trial and his appeal is frivolous.

The judgment is affirmed.